IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **KIM BROOKS,** | ) | **CASE NO. 8:05CV03** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **STEWART & ASSOCIATES, P.C.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Plaintiff's Application for Attorney's Fee Pursuant to Judgment, which is supported by a statement of services and affidavit of her attorney, Pamela A. Car. (Filing No. 20 and Ex. A thereto, and Filing No 21). The Defendant has objected to the application, primarily on the basis that some of the time spent was excessive or unnecessary. (Filing No. 22). The Clerk has already taxed costs in the amount of $207.50. (Filing No. 25).

Plaintiff Kim Brooks accepted the Defendant Stewart & Associates' Offer of Judgment made pursuant to Fed. R. Civ. P. 68 on March 28, 2005. (Filing Nos. 13 and 14). Thereafter, judgment was entered in favor of the Plaintiff and against the Defendant in the amount of $1,001. The Offer of Judgment states in relevant part:

> Plaintiff's . . . reasonable attorney's fees now accrued in connection with any claims specifically allowing for the recovery of such . . . attorney's fees pled in the above referenced suit are to added to the judgment as against the above-named Defendant; said fees . . . shall be as are agreed to between counsel for the parties, or if they are unable to agree, as determined by the Court upon motion. . . ."

(Filing No. 13). Plaintiff's acceptance of the Offer of Judgment was not made contingent upon any condition. (Filing No. 14).

I agree with the Defendant that the provision of the Offer of Judgment stating that the Defendant agrees to pay reasonable attorney's fees "now accrued" means that the

Offer included fees through the date of the acceptance of the offer of judgment, March 28, 2005.  I have reviewed the statement of services provided by attorney Car before and including that date, and I find that the time spent was reasonable and necessary.  I also find that Car's expertise in the area of consumer credit law and debt collection law justifies her hourly rate of $150 per hour.  Defendant's objections to the time Plaintiff's counsel spent preparing the planning conference report and the time spent researching the specific language of the Offer of Judgment are denied.  Because attorney's fees for service provided after March 28, 2005, was expressly excluded by the Offer of Judgment, the Defendants objections to those entries will be sustained.

Accordingly, the Plaintiff's Application for Attorney's Fees in the amount of $1,140 (7.6 hours x $150)  is granted.

IT IS ORDERED:

1. Plaintiff Kim Brooks' Application for Attorney's Fee Pursuant to Judgment (Filing No. 20) is granted in part and denied in part;

2. The Defendant shall pay to Kim Brooks a reasonable attorney's fee in the amount of $1,140.

Dated this 22nd day of June, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge